The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Laura K. Mavretic, and the briefs and Oral Arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; or to amend the Opinion and Award.
* * * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Travelers Insurance Company was the compensation carrier on the risk.
4. Pursuant to the Form 21 Agreement for Compensation in I.C. File No. 282063 and approved by the Commission on 6 January 1993, plaintiff's average weekly wage was $183.20, yielding a compensation rate of $122.14.
5. The parties stipulated into evidence Industrial Commission Forms 18, 33, two 33Rs, and an eighteen (18) page transcript of the recorded interview of plaintiff by the adjuster.
6. Plaintiff's medical records were stipulated into evidence.
7. The following exhibits were stipulated into evidence.
 a. A letter dated 5 October 1992 from plaintiff's counsel to the Executive Secretary of the Commission, marked as Stipulated Exhibit 1.
 b. The Commission's acknowledgment of receipt of a Form 18, marked as Stipulated exhibit 2.
 c. A letter dated 20 October 1992 form the carrier to plaintiff, marked as Stipulated Exhibit 3.
 d. A letter dated 2 April 1993 from the carrier to plaintiff's attorney denying plaintiff's claim, marked as Stipulated Exhibit 4.
 e. An absentee calendar from plaintiff for 1992, marked as Stipulated Exhibit 5.
* * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing before Deputy Commissioner Mavretic plaintiff was forty-five years old. She is a high school graduate. Plaintiff first worked for defendant-employer from 1971 through 1978, and returned to work there in 1985. She was a sewing machine operator, whose duties involved sewing elastic in swimsuits during winter months and sewing the lining in jackets during the summer months.
2. In August 1992, plaintiff's job duties were switched from sewing jacket linings to swim-wear. She began to experience the gradual onset of pain in her left hip, left leg, and lower back over a period of several weeks due to difficulty she had operating the sewing machine. The pedal was hard to press and kicked back on her left floor. Plaintiff reported the problems she was having with the pedal and the resulting pain to her supervisor, and mechanical adjustments were made to the machine.
3. Plaintiff's pain worsened, causing her to seek medical treatment at the hospital emergency room on 4 September 1992. She was treated conservatively for muscle spasms and worked intermittently for defendant-employer from 15 September through 12 November 1992.
4. On 12 November 1992 plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer when she fell down an embankment while walking to the parking lot. As a result of this incident, plaintiff injured her right foot and ankle and sustained a herniated disc to the left at L5-S1. Defendant-employer admitted liability for the injury to the right foot only on the Form 21 Agreement for Compensation approved by the Commission on 6 January 1993.
5. On 3 January 1993, Dr. Lucas Martinez, a neurosurgeon, and Dr. E.O. Marsigli, an orthopedic surgeon, performed a lumbar laminectomy, removal of a disk, and fusion surgery. A spinal stimulator was also implanted. Following the surgery, plaintiff continued to experience pain in her neck, shoulder and at the graft site on her right hip. The pain in her left leg and lower back improved.
6. Plaintiff was released to return to light duty work on 6 May 1993, with permanent restrictions of no bending, stretching, or twisting along with no lifting, pulling or pushing over twenty-five (25) pounds. In addition, plaintiff was limited to the amount of time she could both stand and walk. Defendant-employer had not light duty work available within these restrictions.
7. Plaintiff was expected to reach maximum medical improvement approximately three months after surgical removal of the bone stimulator. The bone stimulator was received after the record in this matter had closed.
8. Prior to the accident on 12 November 1992, plaintiff had a lumbar laminectomy at the same disk level in 1977. Plaintiff had fully recovered from this surgery, and her ability to work was unaffected until the onset of muscle spasms in August 1992, and the compensable accident on 12 November 1992.
9. Plaintiff has an adjustment/personality disorder and major depression, with suicidal and homicidal tendencies, for which she has been treated at the Nash-Edgecomb Mental Health Center. There is insufficient evidence in the medical records from which to prove by its greater weight that plaintiff's psychological problems are causally related to her compensable accident.
10. As the result of the accident on 12 November 1992, plaintiff continues to be unable to return to her regular job as a sewing machine operator. Defendant-employer has not offered plaintiff any work which is within her capacity to earn wages, nor has defendant-employer provided any vocational rehabilitation assistance to plaintiff in order to retrain her for suitable work.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 12 November 1992, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. § 97-2 (6).
2. As a result of the compensable injury by accident, plaintiff was disabled from work and is entitled to receive compensation for temporary total disability at the rate of $122.14 per week from 25 November 1992, until defendant-employer obtains permission form the Industrial Commission to cease payments of compensation. N.C. Gen. Stat. § 97-29.
3. As to the incident in August 1992, involving the gradual onset of pain due to the difficult operation of the sewing machine pedal, any injuries to plaintiff's leg, hip and back were not sustained as the direct result of an accident arising out of and in the course of her employment with defendant-employer. Therefore, plaintiff's claim for any injuries sustained in August 1992 is not compensable under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2 (6).
* * * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant-employer shall pay to plaintiff temporary total disability compensation at the rate of $122.14 per week form 25 November 1992 and continuing until defendant-employer obtains permission from the Industrial Commission to cease payment of compensation. Amounts which have accrued shall be paid to plaintiff in a lump sum, subject to the attorney's fee approved herein.
2. Defendant-employer shall pay all medial expenses incurred or to be incurred by plaintiff as a result of her compensable injury on 12 November 1992 for so long as such examinations, evaluations and treatments may reasonable be required to effect a cure, give relief and will tend to lessen plaintiff's period of disability.
3. A reasonable attorney's fee of twenty-five (25) percent of the compensation due plaintiff under the above Award is approved for plaintiff's attorney and shall be paid as follows: twenty-five percent of the lump sum due plaintiff shall be deducted from that sum and paid directly to plaintiff's counsel. Thereafter, every fourth compensation check shall be deducted from the sum due plaintiff and paid directly to plaintiff's counsel. Consideration ad designation of this attorney's fee contemplates that counsel for plaintiff shall continue and is hereby ORDERED to monitor the submission of medical expenses to defendant-employer.
4. Defendant shall pay the costs due this Commission.
 S/ ____________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
S/ __________________ J. RANDOLPH WARD COMMISSIONER